UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


QUINCY WILLIAMS


vs.                                                         2:04-cv-410-FtM-29DNF
                                                            2:03-cr-96-FtM-29DNF


UNITED STATES OF AMERICA
_____


**OPINION AND ORDER**

This matter comes before the Court on petitioner's Emergency Motion to Correct Sentence Pursuant to Rule 35(a), Fed. R. Crim. P. (Cr. Doc. #47), filed on April 22, 2005, in the criminal case. For the reasons set forth below, the Court will deny the motion.

On April 14, 2005, the Court granted petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1) as it related to the failure of defense counsel to file a direct appeal. Following the procedure required by the Eleventh Circuit in such a circumstance, United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), the Court vacated the original Judgment, and re-sentenced petitioner to the identical sentence in order to re-start the time to file a direct appeal. The Court specifically rejected petitioner's arguments based upon United States v. Booker, 125 S. Ct. 738 (2005), finding it was not retroactive to criminal cases that

became final before its release on January 12, 2005, and could not be raised in a § 2255 petition.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  The Court also found that petitioner's appeal waiver in the Plea Agreement was voluntary within the meaning of United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993) and United States v. Forney, 9 F.3d 1492 (11th Cir. 1993).  Petitioner filed a Notice of Appeal (Cr. Doc. #45) on April 18, 2005.

Petitioner's current motion asserts that the recent amended judgment now makes the Booker decision applicable to him, and his sentence must be corrected and reduced as clear error under Rule 35(a) in order to comply with Booker.  The Court is unaware of any case which supports petitioner's position.  While the Booker law is still evolving, it is clear that the appeal waiver in this case is broad enough to waive sentencing issues under Apprendi[1], Blakely[2], and Booker.  United States v. Rubbio, 396 F.3d 1330 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294, 1296-97 (11th Cir. 2005).

Accordingly, it is now

**ORDERED**:

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] Blakely v. Washington, 124 S. Ct. 2531 (2004).

Petitioner's Emergency Motion to Correct Sentence Pursuant to Rule 35(a), Fed. R.Crim.P. (Doc. #47) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of April, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Quincy Williams
DCCD