UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUINCY MARQUICE WILLIAMS,

                Petitioner,

vs.                        Case No.  2:07-cv-75-FtM-29DNF
                        Case No.  2:03-cr-96-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

_____This matter comes before the Court on petitioner Quincy Marquice Williams' (petitioner or Williams) Motion and Memorandum of Law in Support of Relief Requested Pursuant to 28 U.S.C. § 2255 (Doc. #1; Cr. Doc. #76)[1] and petitioner's Exhibits (Doc. #2), both filed on February 12, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #9) on May 25, 2007 .  For the reasons set forth below, the motion is denied.

**I.**

A federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #1) charging petitioner with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, crack cocaine, (2) distribution of

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Doc.", and will refer to the underlying criminal case as "Cr. Doc."

cocaine base, crack cocaine, and (3) possession with intent to distribute cocaine base, crack cocaine.  In due course petitioner signed a Plea Agreement (Cr. Doc. #24) in which he agreed to plead guilty to the Count One conspiracy.  The Plea Agreement contained the following Waiver of Appeal of Sentence provision:

> The defendant understands and acknowledges that the defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines.  Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole.  Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #24, p. 12.)

On December 31, 2003, petitioner's guilty plea was taken by a magistrate judge.  (Cr. Doc. #65.)  In the plea colloquy the magistrate judge confirmed that petitioner read the Plea Agreement, initialed every page, signed the last page, discussed the Plea Agreement with his attorney, and understood its contents.  (Cr. Doc. #65, pp. 6-7.)  Additionally, the magistrate judge called the sentence appeal waiver provision to petitioner's attention during

-2-

the plea colloquy, explained the waiver provision to petitioner, and determined that the waiver was entered into knowingly and voluntarily. (Cr. Doc. #65, pp. 12-14.) Petitioner admitted that the amount of cocaine base involved in the conspiracy was more than fifty grams (Cr. Doc. #65, pp. 21-22). The magistrate judge recommended acceptance of the guilty plea, which was adopted by the district court. (Cr. Docs. ## 27, 28.)

On April 28, 2004, the district court conducted a sentencing hearing after defense counsel objected to the possession of a firearm enhancement and the amount of crack cocaine attributable to petitioner. (Cr. Doc. #41.) Defense counsel stated that petitioner believed the amount of crack cocaine should be less than 500 grams. (Cr. Doc. #41, p. 4.) The Court then heard testimony from four witnesses for the government and the testimony of petitioner. At the conclusion of the testimony defense counsel withdrew that objection to the firearm enhancement, stating that petitioner's testimony established the factual basis for that enhancement. (Cr. Doc. #41, p. 64.) After hearing argument from counsel, the Court found that the government had established by a preponderance of the evidence that petitioner was responsible for in excess of 11.5 kilograms of crack cocaine over an 18 month period. (Cr. Doc. #41, pp. 76-77.) The Court then denied petitioner's motion for a downward departure based upon a significant over representation of his criminal history category (Cr. Doc. #41, p. 82), and sentenced petitioner to 292 months

-3-

imprisonment (the low end of the applicable Sentencing Guidelines range) followed by 60 months supervised release. (Cr. Docs. ## 34, 36.)

Petitioner filed a timely motion under 28 U.S.C. § 2255 (Cr. Doc. #38), which the Court granted in part.   Petitioner asserted that he had instructed his attorney to file a notice of appeal and his attorney filed an affidavit stating in essence that he could not remember if he was given such an instruction by petitioner. The Court therefore granted this aspect of the § 2255 motion to allow petitioner to take a belated direct appeal.   The Court also found that petitioner's United States v. Booker, 543 U.S. 220 (2005) issue could not be raised in a § 2255 motion, that his attorney was not ineffective for failing to challenge the application of relevant conduct in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the appeal waiver provision of the Plea Agreement was voluntary.   Pursuant to the procedure outlined in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), the Court vacated petitioner's sentence and re-imposed the identical sentence so that he could then take a direct appeal.   A second Judgment was filed on April 14, 2005 (Cr. Doc. #44), and a timely Notice of Appeal (Cr. Doc. #45) was filed.

On  December  22,  2005,  the  Eleventh  Circuit  affirmed petitioner's conviction and sentence.   United States v. Williams, 161 Fed. Appx. 802 (11th Cir. 2005), rehearing denied, 175 Fed. Appx. 328 (11th Cir. 2006).  The Court rejected petitioner's claims

that the Indictment was insufficient and that his re-sentencing violated <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>.  The Court also found that the appeal waiver provision was valid, that petitioner made a knowing and voluntary waiver of his right to appeal his sentence under all but four circumstances, that none of those circumstances applied in petitioner's case, and that petitioner therefore waived his right to appeal whether the district court denied him rights recognized by <u>Blakely</u> and <u>Booker</u> and whether the district court incorrectly computed his criminal history points.

Petitioner's current § 2255 motion was thereafter filed in a timely manner.  The successful first § 2255 motion to file an out-of-time appeal does not render a subsequent § 2255 motion "second or successive," and therefore the current motion is properly before the court.  <u>McIver v. United States</u>, 307 F.3d 1327 (11th Cir. 2002).  While the § 2255 motion was pending the Court granted petitioner's motion for a sentence reduction based upon recent crack cocaine amendments to the Sentencing Guidelines, reducing petitioners sentence to 235 months.  (Cr. Docs. ## 79, 80, 81.)

**II.**

Petitioner first challenges the enforceability of the provision set forth in the Plea Agreement waiving his right to appeal the sentence.  (Doc. #1, pp. 9-12.)  Petitioner asserts that: (1) the magistrate judge failed to inform him that under <u>Apprendi</u> the sentencing procedure he was agreeing to was

-5-

unconstitutional in its mandatory nature and that it should be applied as advisory; (2) the magistrate judge failed to inform him that under <u>Apprendi</u> and <u>Booker</u> the maximum guideline range would be a base offense level 32, since this was the base offense level supported by the conduct charged in the Indictment and admitted by petitioner; (3) the magistrate judge failed to advise him that by pleading guilty he waived his right to effective assistance of counsel at the plea hearing and sentencing with regard to <u>Apprendi</u> issues; and (4) the magistrate judge never inquired as to petitioner's interpretation of the rights being reserved under the appeal waiver provision, and he had "always" interpreted the provision to allow an <u>Apprendi</u> challenge on appeal.  Petitioner asserts that the exceptions contained in the waiver provision were ambiguous, that his interpretation was reasonable, and that no one told him that his interpretation was not correct.  Because of the ambiguity created by the circumstances, petitioner asserts that the court should find the sentence appeal waiver provision unenforceable.  (Doc. #1, pp. 2-4, 9-12.)

### A.

The United States asserts that petitioner is not entitled to a review of these claims because the district court in the first § 2255 decision and the Eleventh Circuit in the belated direct appeal determined that the appeal waiver was voluntary and enforceable. The Court declines to preclude review of these issues based on its

first § 2255 decision because *dicta* in <u>McIver</u>, 307 F.3d at 1331-32 n.2 suggests that the other collateral challenges should have been dismissed without prejudice or held in abeyance pending the direct appeal.  The Court did neither, but this failure should not inure to petitioner's detriment.

The Eleventh Circuit, however, did find that petitioner's sentence appeal waiver was voluntary and enforceable.  <u>Williams</u>, 161 Fed. Appx. at 804-05 ("The record shows that the magistrate judge explained the significance of the appeal waiver, questioned Williams concerning the appeal waiver, and confirmed his understanding of the waiver.  Given this, we conclude that Williams made a knowing and voluntary waiver of his right to appeal his sentence under all but the four circumstances mentioned *supra*, none of which applies here.")  This determination is binding on the district court.  <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1112 (1995).  Neither the record nor the law has changed since the decision by the Court of Appeals, and there is no reason to revisit the issue.  Accordingly, petitioner is barred from relitigating the validity and enforceability of the sentence appeal waiver provision.

**B.**

Alternatively, even if this Court were to re-examine the issue of the enforceability of petitioner's waiver, it is clear that the

sentence appeal waiver in the Plea Agreement was knowing and voluntary within the meaning of United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993) and United States v. Forney, 9 F.3d 1492 (11th Cir. 1993).  Contrary to petitioner's claims, there is no requirement that a plea colloquy in December, 2003 include advice predicting the 2005 Booker decision, United States v. Pliego-Duarte, No. 06-16596, 2008 WL 441682 (11th Cir. Feb. 20, 2008); United States v. Cardenas, 230 Fed. Appx. 933, 934-35 (11th Cir. 2007); United States v. Narcisse, 140 Fed. Appx. 893, 895 (11th Cir. 2005), or that the waiver specifically include mention of ineffective assistance of counsel at sentencing, Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), cert. denied, 126 S. Ct. 246 (2005), or that after petitioner stated he understood the court's explanation petitioner had to be questioned about his interpretation of the exception clause of the provision. Similarly, no prediction as to how Apprendi would be interpreted was required.  United States v. Sanchez, 269 F.3d 1250, 1283-85 (11th Cir. 2001)(en banc); United States v. Claudio, 129 Fed. Appx. 492, 494-95 (11th Cir. 2005).  The discussion by the magistrate judge was a clear and concise explanation of the provision, which petitioner stated he understood and was made freely and voluntarily.  Therefore, the Court finds that the sentence appeal waiver is enforceable according to its terms.  United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006).

-8-

## C.

Although enforceable, an issue not previously decided is whether the sentence waiver provision applies in a § 2255 proceeding.  The Court concludes that it does.  The language of the Plea Agreement specifically included collateral challenges ("defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, <u>directly or collaterally</u>,. . .") (Cr. Doc. #24, p. 12, emphasis added), and the magistrate judge's explanation of the provision included that it waived petitioner's right "to appeal your sentence directly or collaterally . . ." (Cr. Doc. #65, p. 13.)  Therefore, the waiver provision will be applied to those issues raised in this § 2255 proceeding which are within its scope.  <u>Brown v. United States</u>, 256 Fed. Appx. 258, 262 (11th Cir. 2007).

## D.

The final issue relating to the sentence appeal waiver provision is to determine whether the sentence under review is petitioner's original sentencing proceeding.  Defendant was originally sentenced pre-<u>Booker</u>, but was re-sentenced under <u>Phillips</u> after the <u>Booker</u> decision.  In these circumstances the Court considers petitioner's sentence as being imposed before

<u>Booker</u> and analyzes his claims accordingly.   <u>United States v.</u>
<u>Cantu</u>, 174 Fed. Appx. 470, 471 (11th Cir. 2006).

### III.

Petitioner asserts that at the original sentencing his
attorney was ineffective by failing to make appropriate objections.
This was the result, petitioner asserts, of a conflict between
petitioner and the attorney over the proper interpretation of the
sentence appeal waiver provision.   Petitioner also asserts that he
did not expressly waive effective assistance of counsel in the
waiver provision of the Plea Agreement   (Doc. #1, pp. 4, 6-9, 12-
15).

Petitioner's waiver of his right to appeal the sentence
includes issues of ineffective assistance of counsel at sentencing.
<u>Williams</u>, 396 F.3d at 1342 ("a valid sentence-appeal waiver,
entered into voluntarily and knowingly, pursuant to the plea
agreement, precludes the defendant from attempting to attack, in a
collateral proceeding, the sentence through a claim of ineffective
assistance of counsel during sentencing.")   The language of
petitioner's waiver provision is virtually identical to that in
<u>Williams</u>.   Petitioner essentially argues with the correctness of
<u>Williams</u>, asserting that waiver of the right to challenge a
sentencing decision is not the same as waiver of the right to
effective counsel at sentencing. (Doc. #1, p. 13.)   The Eleventh
Circuit has decided to the contrary.   Therefore, petitioner's
claims that his attorney was ineffective at sentencing by failing

-10-

to make proper objections falls within the waiver provision and are barred from review in this § 2255 proceeding.

Assuming that the sentence appeal waiver provision does not include a situation where the attorney is alleged to have a conflict, petitioner's claim would fail on the merits. Nothing in the record suggests that counsel's interpretation of the sentence appeal waiver provision impacted his conduct at sentencing. The waiver provision did not preclude objections at sentencing, rather just precluded appeals of the sentencing decisions. Counsel's ultimate disagreement with petitioner's legal position did not create a conflict of interest at sentencing. Assuming petitioner's interpretation of the waiver provision existed at the time of sentencing, it simply had no impact on the sentencing hearing.

## IV.

Petitioner also asserts that his appellate counsel -the same attorney who had represented him in the district court and who had not filed the initial notice of appeal - was ineffective because counsel's interpretation of the sentence appeal waiver provision conflicted with petitioner's interpretation of it. This "hindered" counsel from arguing on appeal that the provision was unknowing and involuntary (Doc. #1, pp. 4-6).

Assuming that this argument is not also foreclosed by Williams, the Court finds no ineffective assistance of counsel. The legal principles are well settled. The Supreme Court established a two-part test for determining whether a convicted

person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't. of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

Nothing in the record would have allowed counsel to convincingly argue that the waiver provision was not valid and enforceable. As set forth above, the advise petitioner asserts was

required during the guilty plea colloquy was not necessary. Therefore, counsel's performance was not deficient and no prejudice resulted on appeal.

**V.**

Petitioner argues that his appellate counsel was ineffective when he failed to argue that the district court erred in the procedure it followed in re-sentencing petitioner after granting the initial § 2255 motion because the sentence was different than the original sentence.  (Doc. #1, pp. 15-16.)  The addition of the phrase "the sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 125 S. Ct. 738 (2005)" does not result in a different sentence being imposed under United States v. Phillips, 225 F.3d 1198 (11th Cir. 2001).  The Eleventh Circuit has already decided that the district court correctly followed the Phillips procedure.  Williams, 161 Fed. Appx. at 804.  As a matter of law, the sentence is considered to be imposed under pre-Booker standards in a situation such as this where the original sentence was pre-Booker and the Phillips re-sentencing occurred after Booker.  United States v. Cantu, 174 Fed. Appx. 470, 471 (11th Cir. 2006).

**VI.**

Petitioner argues that his attorney was ineffective in failing to argue at sentencing that the Sentencing Guidelines were unconstitutional in light of Apprendi.  (Cv. Doc. #1, pp. 17-18.)

Petitioner essentially argues that counsel was ineffective by failing to anticipate the Booker decision.  The Court concludes that this issue is within the scope of petitioner's sentence appeal waiver provision, and therefore the issue cannot be reviewed in this § 2255 proceeding.  Williams, 396 F.3d at 1342.  The waiver provision in this case is broad enough to include even well-founded Apprendi /Booker / Blakely issues.  United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005), cert. denied, 125 S. Ct. 2986 (2005); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005), cert. denied, 126 S. Ct. 416 (2005).  Apprendi/Booker/Blakely issues do not fall within any of the four exceptions set forth in the waiver provision.  Grinard-Henry, 399 F.3d at 1296-97.

## VII.

Petitioner argues that his attorney was ineffective in failing to argue on appeal that the district court was without jurisdiction to impose a sentence beyond the facts covered in the Indictment. Petitioner asserts that after Apprendi any fact that would increase the maximum offense guideline level from that admitted by a defendant must be charged in an indictment.  In his case, the court determined petitioner's drug quantity and imposed a two level firearms enhancement, thus relying on facts not alleged in the Indictment  (Doc. #1, p. 19).

Petitioner's premise regarding the effect of <u>Apprendi</u> is simply incorrect.   The Supreme Court has recently summarized <u>Apprendi</u> and its progeny as follows:

> As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant.   The relevant "statutory maximum," this Court has clarified, is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

<u>Cunningham v. California</u>, 127 S. Ct. 856, 860 (2007)(citations and internal quotations omitted).   Defendant testified at the sentencing hearing and admitted conduct which supported the firearms enhancement.   (Cr. Doc. #41 , pp. 57-58.)   Petitioner's attorney therefore properly withdrew the objection to this enhancement.   (Cr. Doc. #41, p. 64.)   Defendant's admission of facts supporting an enhancement satisfies <u>Booker</u>.   In a federal drug prosecution under 21 U.S.C. § 841, <u>Apprendi</u> is only implicated when a judge-found drug quantity increases defendant's sentence beyond the statutory maximum.   <u>United States v. Sanchez</u>, 269 F.3d 1250, 1268-69 (11th Cir. 2001)(en banc); <u>United States v. Underwood</u>, 446 F.3d 1340, 1344-45 (11th Cir. 2006).   Defense counsel was not ineffective in failing to argue to the contrary.

## VIII.

Petitioner argues that his attorney was ineffective in failing to argue on appeal that he was actually innocent of the sentencing

enhancements applied to him, specifically the 6 level enhancement for 11 kilograms of cocaine base and the 2 level enhancement for possession of the firearm.   (Doc. #1, pp. 19-20.)   The record established that petitioner was not actually innocent of the firearms enhancement, since his testimony supported this enhancement.  Additionally, counsel <u>did</u> argue that he was innocent of the enhancement above 500 grams, but this factual argument was rejected by the Court after hearing testimony at the sentencing hearing.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion and Memorandum of Law in Support of Relief Requested Pursuant to 28 U.S.C. § 2255 (Doc. #1; Cr. Doc. #76) is **DENIED** as to all claims for the reasons set forth above.

2.   The Clerk of the Court shall enter judgment in the civil case and close the civil file.  The Clerk is further directed to file a copy of the judgment in the criminal file, Case No. 2:03-cr-96.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of June, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Quincy Marquice Williams
Counsel of record

-16-